## L. A. Biggers v. Board of County Commissioners of Garfield County.

(Filed September 6, 1906.)

**PRACTICE ON APPEAL—Filing Briefs.** In a proceeding originating before the board of county commissioners, for the refund of money paid on erroneous assessment and void tax sale certificate, where it appears that the county has the purchaser's money without giving any consideration therefor, and the only appearance by the board is by motion in the district court to dismiss the appeal, no attempt being made by the defendant in error to comply with the rules of this court requiring briefs to be filed, and the consideration of the legal proposition involved necessitating an extended investigation of the power of the board of county commissioners in such cases: Held: That this court will, under such conditions, particularly because of the failure to file briefs, reverse the judgment of the trial court, and remand the cause for further action.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before James K. Beauchamp, Trial Judge.*

J. M. Dodson, for plaintiff in error.

Daniel Huett, County Attorney, for defendant in error.

Opinion of the court by

PANCOAST, J.:    This is a proceeding which was, originally brought before the board of county commissioners of Garfield county, asking for refund of money paid to the county treasurer on an erroneous assessment, and alleged void tax sale certificate, the taxes being against certain church property in the city of Enid for sidewalk improvements.

The record is very meagre. A petition was presented to the board of county commissioners, setting up the fact of the erroneous, if not void, assessment, showing the description of the property and description of the walk, and to the effect that a large part of the walk was not abutting the lot owned by the church, and that the taxes therefore, should not have been assessed against the church lot; also setting up a surrender of the tax deed and certificate, and asking that the money paid out be refunded. The commissioners, it seems, denied the petition. An appeal was taken to the district court, and there, on motion of the defendant below, the case was dismissed, on two grounds which were set up, the first being that the board of county commissioners had no jurisdiction of the subject-matter, and the second that the district court had no jurisdiction of the subject-matter.

The case necessitates a somewhat extended investigation of the power of the board of county commissioners in such

cases. The county has the plaintiff in error's money, and it would seem there was no consideration whatever given for it. According to the contention of the plaintiff in error, the tax sale certificate is an absolute nullity. It seems that there ought to be some redress, but counsel for defendant in error, defendant below, seems to have contented himself with simply filing a motion in the district court, attacking the jurisdiction of the court, and in this court has not regarded the case as of sufficient importance to require him to file a brief.

By rule 6 of this court, it is provided that:

"In each civil case filed in this court, counsel for plaintiff in error shall serve his brief upon counsel for defendant in error within forty days after filing his petition in error;*** And the defendant in error shall have thirty days after service on him of plaintiff in error's brief, in which to serve and file answer brief. Proof of service of briefs must be filed with the clerk of this court within ten days after service. In case of failure to comply with the requirements of this rule, the court may continue or dismiss the cause, or reverse or affirm the judgment."*Aldridge et al. v. Board of Education of the City of Stillwater,* 15 Okla. 354, 82 Pac. 827.

There have been numerous cases filed in this court, in which the rule with reference to filing briefs has been ignored. Generally, where the fault has been on the part of the plaintiff in error, the cases have been dismissed; but an order of dismissal would not be punishment for the failure of the defendant in error to file a brief in this case. Counsel in the presentation of cases on appeal owe a duty to this court, as well as to their clients, to properly brief their cases. To thoroughly investigate the legal proposition arising in this particular case would involve considerable labor on the part of this court. This labor would be lightened to a greater degree by

a properly prepared brief, citing the authorities and directing the court's attention to the propositions involved in the appeal.

It would seem that there should be a remedy by which the plaintiff in error could recover the amount of money paid out, for which he has received nothing; and, without going into the merits of the case or making an extended investigation to determine the full rights of the parties herein, we have arrived at the conclusion that the judgment in this case should be reversed. We reach this conclusion partially because we think the motion to dismiss for want of jurisdiction was not well taken, and that the case should have been tried, but more particularly because of the failure and neglect of the defendant in error to file a brief.

The judgment of the trial court is therefore reversed, and the cause remanded for further proceedings in accordance with this opinion.

All the Justices concurring.